**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TOMMIE L. CARTER,

Plaintiff,

v.

JAMES WARD, DANIEL BRUMFIELD, GEOFFREY SCHULTZ, and RENEA MCKNIGHT,

Defendants.

Case No. 26-CV-1004-JPS

**ORDER**

Plaintiff Tommie L. Carter, an inmate confined at Columbia Correctional Institution ("CCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. This order screens Plaintiff's complaint, and the Court will therefore deny as moot Plaintiff's motions for status and to expedite screening, ECF Nos. 10, 14, 26. This Order resolves his motion for leave to proceed without prepayment of the filing fee, motions for preliminary relief, and screens the complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 23, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $34.70. ECF No. 8. Plaintiff paid that fee on July 7, 2026. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or

the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants James Ward ("Ward"), Daniel Brumfield ("Brumfield"), Geoffrey Schultz ("Schultz"), and Renea Mcknight ("Mcknight"). ECF No. 1 at 1. On October 31, 2025, while housed in the Milwaukee Secure Detention Facility ("MSDF"), Plaintiff told Ward, Brumfield, Schultz, and Mcknight that he was suicidal, depressed, and having intense urges to commit suicide by cutting arteries in his arm. *Id.* at 2. Defendants responded that the did not care if he engaged in self-harm and that he would just be "another black man dead in the D.O.C." *Id.* Plaintiff then used a razor to cut the left antecubital and his left forearm. *Id.* Plaintiff was then rushed to the hospital emergency room where staff stopped the bleeding and closed the wound with nineteen staples. *Id.* Plaintiff was then returned to the institution and placed on suicide watch. *Id.* at 2-3.

### 2.3 Analysis

The Court finds that Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Defendants Ward, Brumfield, Schultz, and Mcknight for their indifference to the risk of Plaintiff's self-harm. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate

care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Here, Plaintiff alleges that these defendants were aware that he intended to self-harm and failed to appropriately act. Plaintiff further

alleges that Defendants stated that they did not care whether he died or not. The Court notes that Plaintiff's factual allegations are sparse as to each defendant's specific involvement. However, at this early stage, the Court will allow Plaintiff to proceed on an Eighth Amendment claim against Defendants Ward, Brumfield, Schultz, and Mcknight for their deliberate indifference to Plaintiff's risk of self-harm.

**3. PRELIMINARY RELIEF**

Plaintiff filed numerous requests for preliminary relief. ECF Nos. 16, 17, 20, 21. Preliminary relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff alleges that Defendants failed to protect him at MSDF. The record indicates that he is now housed at CCI and it is unclear what preliminary relief Plaintiff seeks from these defendants at MSDF. The Court finds that Plaintiff's request for injunctive relief is now moot due to his transfer to CCI. **"**If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Allegations of likely retransfer must rise above mere speculation. *Id.* Further, the "capable-of-repetition doctrine" is exceptional, only applying when a plaintiff can show "that he will again be subject to the alleged illegality." *Id.* Plaintiff's complaint has nothing to do with his treatment at CCI. Further, Plaintiff fails to offer any evidence or argument to suggest that he is likely to be transferred back to MSDF in the near future. As such, the Court is obliged to deny Plaintiff's requests for preliminary relief.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Defendants Ward, Brumfield, Schultz, and Mcknight for their indifference to the serious risk of Plaintiff's self-harm.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for status and expedited screening, ECF Nos. 10, 14, 26, be and the same are hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary relief, ECF Nos. 16, 17, 20, 21, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Ward, Brumfield, Schultz, and Mcknight**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $315.30 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the

case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of October 2026.

BY THE COURT:

________________________________

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.